**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael Joseph STIMPSON, Defendant-Appellant.**

**No. 75–1128.**

United States Court of Appeals, Ninth Circuit.

Feb. 1, 1977.

Rehearing and Rehearing En Banc Denied April 29, 1977.

Joseph W. Golden, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee; Douglas G. Hendricks, Asst. U. S. Atty., San Diego, Cal., on the brief.

Before CHAMBERS and BARNES, Circuit Judges, and LYDICK,* District Judge.

PER CURIAM:

We reversed the defendant's conviction in this case in a decision filed October 28, 1976, on the ground that *United States v. Ramirez*, (9th Cir., Sept. 16, 1976, No. 75–1395) required prosecution by indictment for misdemeanants potentially subject to the sentencing provisions of the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5010(b). Stimpson was proceeded against by information for a misdemeanor offense under 21 U.S.C. § 844, and he was sentenced upon a guilty plea under the YCA. Our original decision noted that even though defendant pleaded guilty, the record was insufficient to support any claim of waiver of the defendant's fifth amendment right to an indictment recognized by *Ramirez*. Therefore, we found *United States v. Leming*, 532 F.2d 647 (9th Cir., 1975) not dispositive.

The government has now supplemented the record by providing the reporter's transcript of the defendant's guilty plea made in open court. This supplemental transcript satisfies our initial doubts and, upon reconsideration, we now are convinced that defendant's conviction should be affirmed on the basis of *Leming, supra*. The transcript clearly reveals that the defendant's guilty plea was freely, voluntarily, and intelligently made, and the trial court's thorough inquiries and advice were in total compliance with F.R.Crim.P. 11. Defendant was represented by competent counsel and knowingly and voluntarily waived all of the rights that the court carefully apprised him of. Most importantly, the court clearly spelled out the possibility of defendant being sentenced under the YCA and that the matter of sentencing was totally within its discretion despite any previous understandings or agreements. Under these circumstances, we think *Leming* compels affirmance here.

Although at the time of *Leming* our court had not yet recognized any constitutional right to an indictment in this situation (the *Leming* court in effect merely assumed the existence of such a right), we find that factor not determinative here. *Ramirez'* establishment of a constitutional right to an indictment does not detract from the knowing, free and voluntary guilty plea made by the defendant. There is no basis for hypothesizing that he might not have pleaded guilty or waived his other constitutional rights if he had been informed of his constitutional right to an indictment. Inasmuch as defendant voluntarily and intelligently waived his other constitutional rights, we think that concludes the matter. Of course, there is no logical reason for suggesting that this right cannot be waived like any other constitutional right, and *Ramirez* makes no such suggestion. Thus, we believe that *Leming* still has validity after *Ramirez* and controls this case. Accordingly, our prior decision in this case is withdrawn and defendant's conviction is affirmed.

---

* The Honorable Lawrence T. Lydick, United States District Judge for the Central District of California, sitting by designation.